1598332                                                                                                             317-20721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF MAGNOLIA FLEET, LLC AND RIVER TUG LLC AS OWNER AND OPERATOR OF THE M/V LOUISIANA FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:**  **SECTION:**  **DISTRICT JUDGE:**  **MAGISTRATE JUDGE:**  **Admiralty – Rule 9(h)** |

**VERIFIED COMPLAINT**
**FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, come Magnolia Fleet, LLC, and River Tug LLC (hereinafter "Petitioners"), as operator and owner of the M/V LOUISIANA, respectfully, in a cause for exoneration from and/or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, allege upon information and belief as follows:

1.

At all times pertinent hereto, Petitioners are and were the operator and owner of the M/V LOUISIANA, its equipment, tackle, apparel, fixtures, and furniture.

2.

Petitioner, Magnolia Fleet, LLC, is a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana. Petitioner, River Tug LLC is a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana. Both Petitioners are located at 3000 Ridgelake Drive, Metairie, LA 70002, which is within this Honorable District.

3.

The M/V LOUISIANA (Official No. 574379) is a sixty-one (61) foot-long, twenty-six (26) foot-wide towing vessel with a hailing port of New Orleans, Louisiana. At all pertinent times hereto and presently the M/V LOUISIANA was and is physically located on the Mississippi River at or near Hahnville, Louisiana, within this Honorable District.

4.

This action is within the admiralty and maritime jurisdiction of this Honorable Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

5.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to the Federal Rules of Civil Procedure and Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims because the M/V LOUISIANA has not been attached or arrested, no suit has been commenced against the vessel owner, and the vessel is located within the U.S. Eastern District of Louisiana.

6.

At all times pertinent, the M/V LOUISIANA was tight, staunch, strong, properly equipped, properly manned and was, in all respects, seaworthy and fit for the service in which it was engaged.

7.

On or about November 25, 2020, the M/V LOUISIANA was located at or near Mile 122 of the Mississippi River, at or near Hahnville, Louisiana.

8.

Upon information and belief, on or about November 25, 2020, a physical altercation occurred onboard the M/V LOUISIANA between two crewmembers (hereinafter, the "Incident"). Petitioners have been informed that at least one crewmember claims personal injury as a result of the incident.

9.

The incident resulted due to no fault on the part of the Petitioners or the M/V LOUISIANA. The M/V LOUISIANA was, at all material times, a seaworthy vessel and well and sufficient equipped and supplied.

10.

Petitioners used due diligence, to the extent they were legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the casualty herein, tight, staunch, strong, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

11.

The aforementioned incident and any alleged injuries or damages resulting from the aforementioned incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioners, their owners or officers, or the M/V LOUISIANA, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioners.

12.

Petitioners deny that they or the M/V LOUISIANA are liable to any extent for any damages, losses and/or injuries, and in that regard, therefore, Petitioners are entitled to exoneration

from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

13.

In the alternative, and without admitting liability, Petitioners aver that in the event it or the M/V LOUISIANA should be held responsible to any person or parties, by reasons of the matters aforesaid, Petitioners and the M/V LOUISIANA are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

14.

All of the alleged losses, damages, and injuries resulting from the aforementioned incident were done, occasioned and incurred without fault on the part of the Petitioners and/or without Petitioners' privity or knowledge.

15.

The parties currently known to have potential Claims against Petitioners, Magnolia Fleet, LLC and/or River Tug LLC, resulting from the aforesaid incident are:

1. Trinity Verrett
   Through his attorney:
   **Thomas W. Shlosman**
   4907 Magazine Street
   New Orleans, LA 70115

2. Gustavo Barrios
   856 Joe Yenni Blvd., Apt. 12
   Kenner, LA 70065

16.

Petitioners aver that at the termination of the voyage hereinabove described, the market value of the M/V LOUISIANA and the value of the Petitioner's interest in said vessel, did not

exceed the sum of ONE MILLION DOLLARS AND NO/100 ($1,000,000.00). Petitioner provides the attached Affidavit of Value by Norm J. Dufour, Jr., attached as Exhibit "A," in support of this contention. At the time of the incident there was no freight pending.

17.

Petitioners have caused to be filed contemporaneously herewith, an Ad Interim Stipulation/Letter of Undertaking, in appropriate form for the payment into Court, for the amount of Petitioners' interest in the M/V LOUISIANA and its pending freight, if any, at the close of the voyage aforementioned, together with interest at the rate provided by law from the date of said Ad Interim Stipulations and for costs; in addition, Petitioners are prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulations as may be ascertained and determined to be necessary under Orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

18.

This Complaint is timely filed under Rule F(1) because it was filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the aforementioned incident, which revealed a reasonable possibility that the claim may exceed the value of the M/V LOUISIANA.

19.

The M/V LOUISIANA has not been arrested or attached within six (6) months after the Petitioner received the first written notice of a claim as aforesaid.

20.

Petitioners aver that claims have been or may be asserted against it in amounts exceeding the total sum Petitioners may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

21.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners, Magnolia Fleet, LLC and River Tug LLC, pray:

(a)     That this Court accept Petitioners' Ad Interim Stipulation/Letter of Undertaking, as security for the M/V LOUISIANA and its pending freight, which totals the amount of ONE MILLION DOLLARS AND NO/100 ($1,000,000.00) and cause the attached Order Approving Petitioners' Ad Interim Stipulation to be issued;

(b)     That this Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage, or loss occasioned or incurred by, or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the M/V LOUISIANA was then engaged, citing them, and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioners, on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this

Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

 (c) That this Court issue an injunction, restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or arising out of the contractual obligations which the M/V LOUISIANA was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioners or its agents or representatives or any other person whatsoever, for whom Petitioners may be responsible or the M/V LOUISIANA in respect of any claim or claims arising out of the alleged incident occurring on or about November 25, 2020, along with the aforesaid occurrence.

 (d) That this Court, assuming that a claim is filed against Petitioners, as well as the M/V LOUISIANA in this proceeding, adjudge:

  (i.) That Petitioners are not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence(s);

  (ii.) Alternatively, if Petitioners shall be adjudged liable, that such liability be limited to the amount or value of Petitioners' interest in the M/V LOUISIANA, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any

7

priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

(iii.) That Petitioners have such other and further relief as the justice of the cause may require.

Respectfully submitted:

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum T.A. (#31752)
Salvador J. Pusateri (#21036)
Rowen F. Asprodites (#33135)
Morgan A. Gonzales (#38749)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Morgan.Gonzales@pjgglaw.com
**ATTORNEYS FOR PETITIONERS-IN-LIMITATION, MAGNOLIA FLEET, LLC AND RIVER TUG LLC**